UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALLACE BOUDREAUX                                   CIVIL ACTION

VERSUS                                              NUMBER: 08-1686

TRANSOCEAN DEEPWATER, INC.                          SECTION: "B"(4)

## ORDER AND REASONS

Before the Court is Defendant and Counterclaimant Transocean Deepwater, Inc.'s ("Defendant") opposed Motion for Judgment on the Pleadings, or in the alternative, Motion for Partial Summary Judgment on Counterclaim (Rec. Docs. No. 54, 63 & 65). Defendant seeks restitution of maintenance and cure payments made to Plaintiff Wallace Boudreaux ("Plaintiff") under general maritime law. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** Defendant's Motion for Judgment on the Pleadings is **DISMISSED** and Defendant's alternative Motion for Partial Summary Judgment is **GRANTED**.

### FACTUAL AND PROCEDURAL HISTORY

On April 18, 2008, Plaintiff filed a complaint against Defendant seeking damages of $1 million to compensate his reduced earning capacity as a result of an alleged injury sustained while in Defendant's employ as well as $250,000 in compensatory damages for back maintenance and cure allegedly owed by Defendant, continuing maintenance and cure costs and attorney's fees. (Rec. Doc. No. 1).

Plaintiff's general maritime and Jones Act claims arise from an alleged incident in May 2005 while employed by Defendant as an assistant barge supervisor, Plaintiff claims he injured his back as a result of Defendant's negligence while performing anchor maintenance aboard one of Defendant's vessels. (Rec. Doc. No. 33 at 1-2).

Through discovery, it was established that Plaintiff intentionally concealed from Defendant at the time of his post-hire medical interview significant back injuries, including treatment for back pain in 1997, 1998 and 2000.   (Rec. Doc. No. 54-1 at 2). Plaintiff also concealed an MRI conducted on October 24, 2004, revealing an annular disc fissure at L4-5 and disc protrusion at L5-S1 with neural impingement; and a 50-pound lifting restriction from the physician who performed a prior pre-employment physical for Diamond Offshore.   *Id*.   It was also learned Defendant had paid Plaintiff maintenance and cure since the alleged incident, totaling $276,263.36.  (Rec. Doc. No. 53 at 2).

On March 9, 2010, Defendant filed a Motion for Partial Summary Judgment on Plaintiff's maintenance and cure claims, asserting Plaintiff had raised no issue of material fact in light of *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968);[1]

---

[1]   Under *McCorpen*, a Jones Act employer is not bound to make maintenance and cure payments if the employee intentionally withheld preexisting health conditions material to the employer's decision to hire him and there is a connection between the withheld preexisting condition/information and the injury complained of in the lawsuit.  *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548-49 (5th Cir. 1968), *cert. denied*, 393 U.S. 894, 89 S.Ct. 223, 21 L.Ed.2d 175 (1968); see also, *Johnson v. Cenac Towing, Inc.*,

(Rec. Doc. No. 26 at 2).  On April 6, 2010, Plaintiff formally requested the Court to allow him to withdraw his maintenance and cure claims.  (Rec. Doc. No. 29).  On April 7, 2010, this Court granted Defendant's Motion for Partial Summary judgment based the his *McCorpen* defense and dismissed Plaintiff's maintenance and cure claims.  (Rec. Doc. No. 30).  Defendant then filed on April 9, 2010, a Motion for Summary Judgment (Rec. Doc. No. 33) on Plaintiff's separate negligence claim, claiming Plaintiff could not make a prima facie case of negligence, and a Motion for Leave to File a Counterclaim on May 25, 2010.  (Rec. Doc. No. 40).  The Court denied Defendant's Motion for Summary Judgment on the merits of the negligence claims, but granted Defendant's request to file a counterclaim.  (Rec. Doc. No. 52).

Defendant filed a counterclaim against Plaintiff on June 29, 2010 seeking restitution of the maintenance and cure payments made to him.  (Rec. Doc. No. 53).  Defendant filed the instant motion seeking declaration that it is legally entitled to said restitution (Rec. Doc. No 54).

Defendant concedes restitution for a Jones Act employer of maintenance and cure payments made to an employee subsequently found to have concealed a material, pre-existing medical condition under *McCorpen* is a *res nova* issue in the Fifth Circuit. *McCorpen*, 396 F.2d at 548-48; (Rec. Doc. No. 54-1 at 6).  However, Defendant

---

544 F.3d 296, 301 (5th Cir. 2008).

contends that Plaintiff has been unjustly enriched as a result of his fraud and Plaintiff cannot dispute that material fact (Rec. Doc. No. 54-1 at 1, 3). Defendant claims at least one circuit, the Ninth, has allowed restitution of maintenance and cure payments based on an employee's failure to disclose a pre-existing medical condition, *Id*. at 7-8 citing *Vitcovich v. Ocean Roveron*, 106 F. 3d 411 (Table) (9th Cir. 1998) (Unpublished Opinion).

Defendant also asserts it is entitled to restitution under Louisiana Civil Code Article 2299. That article binds a person who received something not owed to him to return it to the person from whom he received it. La. C.C. Art. 2299; (Rec. Doc. No. 54-1 at 9). In support, Defendant refers us to compensation laws that allow restitution based on an employee's fraud, including the Longshore and Harbor Workers' Compensation Act and Louisiana Revised Statute 23:1208. (Rec. Doc. No. 54 at 8-9).

Plaintiff contends there is no cognizable general maritime law claim under Fifth Circuit precedent in this instance. (Rec. Doc. No. 63 at 2). Plaintiff argues that Defendant's cited authorities are neither controlling nor promote an admiralty law of uniform application. *Id*. at 3. Plaintiff distinguishes Defendant's cited cases and specifically refers to a state appellate decision that rejected, as a matter of law, a claim for restitution of maintenance and cure. *Id*. at 4; and *Cotton v. Delta Queen Steamboat Company, Inc*., 36 So.2d 262 (La.App. 4 Cir. 2010). (Rec. Doc. No. 63 at 6).

Plaintiff further contends that reliance upon other compensation laws is inappropriate because those laws expressly exclude maritime workers.

The question before the court is whether Defendant is entitled to restitution or recoupment from Plaintiff seaman for illegally obtained maintenance and cure payments under general maritime law.

## LAW AND ANALYSIS

### I. Standard of Review

Federal Rule 12(c) allows for a party, after pleadings are closed, "but early enough not to delay trial," to move for a judgment on the pleadings. Fed. R. Civ. P. 12(c). The court must look only at the pleadings and accept them as true. *St. Paul Ins. of Bellaire v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991). Under this constraint, judgment in favor of the moving party is proper if "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The central issue is whether "the complaint states a valid claim for relief." *Hughes v. The Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). However, when material outside the pleadings is considered, the court has discretion to treat the motion as one for

summary judgment.  *St. Paul Ins. of Bellaire,* 937 F.2d at 279.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact is present when the evidence is such that a reasonable fact finder could return a verdict for the non-movant. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).  The substantive law controls what facts are material, that is, what each party must prove as an essential element to its case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendant moves for a judgment on the pleadings, or in the alternative, partial summary judgment.  Under the motion for judgment on the pleadings, the Court must look only at Defendant's pleadings to determine if it has stated a valid claim for restitution of maintenance and cure under general maritime law. *Hughes*, 278 F.3d at 420.  In the alternative, Defendant seeks summary judgment on two facts: that it has paid some amount of maintenance and cure to Plaintiff and that this Court has already granted its motion to dismiss Plaintiff's maintenance and cure claim based on the *McCorpen* defense.  (Rec. Doc. No. 54-1 at 4). Defendant bears the burden of showing there is no genuine issue to these facts. *Piazza's Seafood World, LLC,* 448 F.3d at 752. Because parties refer us to matters outside the confines of the instant

pleadings, we render our decision using the summary judgment standard noted earlier.

## II. Other Circuits and Analogous Compensation Schemes

It should be noted from the outset that very few courts in the country have addressed the issue raised by this motion.  David W. Robertson & Michael F. Sturley, *Is an Employer Who Pays Undeserved Maintenance or Cure Entitled to Restitution?* 35 TLNMLJ 493, 558 (2011).  The Fifth Circuit in *Patterson v. Allseas, USA, et al.*, expressed its unease with restitution of maintenance and cure when it declined to decide it as a "difficult *res nova* issue" in an unpublished opinion.  *Patterson v. Allseas USA, et al.*, 145 Fed.Appx. 969, 971, 2005 WL 2055879 (5th Cir. 2005)(unpublished opinion).  In that case, an employer counterclaimed for recovery of maintenance and cure payments based on its *McCorpen* defense. However, the district court found that the defendant failed to prove the elements of *McCorpen*. The Fifth Circuit on rehearing affirmed the dismissal of the counterclaim based on a factual finding that the employer failed to establish the *McCorpen* defense and again declined to decide the legal issue of whether a cognizable restitution claim exists on the record before it.  *Id.* at 971.

The Ninth Circuit, in an unpublished panel opinion, appears to be the only federal appellate court that allowed restitution of maintenance and cure payments to an employer that successfully established the *McCorpen* defense.  *Vitcovich v. Ocean Rover O.N.*,

106 F. 3d 411 (Table) 1997 WL 21205 (9th Cir. 1997).  In *Vitcovich*, the court affirmed the district court's grant of summary judgment on the employer's counterclaim for restitution of maintenance and cure. As here, the employee intentionally concealed or withheld information about a pre-existing injury similar to the injury for which he claimed maintenance and cure.  The withheld information, again as here, was also found to have been material to the employer's hiring decision.

In *Souviney v. John E. Graham & Sons,* 1994 WL 416643 (S.D. Ala. 1994), 1994 AMC 1671, 1677 summary judgment was granted in favor of the seaman's employer to allow recovery of paid maintenance and cure.  As basis, the *Souviney* court found that the seaman intentionally concealed material facts about the very injury for which he sought recovery against the defendant.  There is no material dispute that the instant Plaintiff engaged in the same or substantially similar wilful concealment of material facts as Souviney.  In another district court opinion, Chief United States District Judge Fong granted summary judgment on a Jones Act employer's counterclaim to recover maintenance and cure payments made to the seaman, since he failed to disclose material medical facts, the disclosure of which was plainly desired by the seaman's employer during a pre-hiring medical examination or interview. *Quiming v. International Pacific Enterprises, Ltd.,* 773 F. Supp. 230, 235-237 (D.Haw. 1990).

Defendant argues that a seaman's right to maintenance and cure, which is a right without respect to the negligence of either him or his employer, is analogous to rights to compensation benefits under the LHWCA.  (Rec Doc. No. 65 at 3).  However, the LHWCA expressly excludes vessel crew members from its coverage.  33 U.S.C. §902(3)(G).  Further, it is well-settled that a shipowner's duty to furnish maintenance and cure stems from an age-old, almost paternalistic desire to protect seamen from the hazards unique to service at sea.  *See Vella v. Ford Motor Co.*, 421 U.S. 1, 3-4 (1975); *See also Adams v. Texaco, Inc.*, 640 F.2d 618, 620 (5th Cir. 1981).  As a matter of policy, seamen are wards of the federal courts because of the perilous service they perform within marine commerce.  Seamen enjoy liberal protection to the extent that ambiguities or doubts about entitlement to maintenance and cure are resolved in favor of the seaman.  *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962).  Defendant's attempted reliance upon the more traditional worker compensation scheme in the LHWCA is misplaced.  The later provision does not afford the same level of protection as that afforded to seaman.  As the *Vella* court noted, the obligation of maintenance and cure was designed to be a broad and inclusive duty, free of uncertainty, complexity and administrative burdens.  421 U.S. at 4-5 (citing *Farrel v. United States,* 336 U.S. 511, 516 (1949).  Importantly, there is no doubt that this seaman was not entitled to those benefits based upon the *McCorpen* defense.  There

is no "voluntary" payment of same where the employment decision was based upon false, material and associated medical history assertions by the seaman.

Under Louisiana Revised Statute 23:1208, an employee may be ordered to make restitution if he willfully makes false statements to an employer concerning benefit payments. La. Rev. Stat. § 23:1208 (D). Defendant argues this statute supports restitution of benefits gained through willfully concealing pre-existing conditions. It cites an opinion from the Louisiana Court of Appeal for the Second Circuit. (Rec. Doc. No. 54-1 at 9); *Yarnell Ice Cream Co. V. James Greg Allen,* 759 So.2d 1066 (La.App. 2 Cir. 2000). Louisiana Revised Statute 23:1208-1 provides a procedural format that an employer must follow in making inquiries into pre-existing medical conditions, e.g. written notice in boldface type of no less than 10-point size advising the employee that failure to answer truthfully may result in loss of compensation benefits. La. Rev. Stat. § 23:1208-1.

In the absence of a clearly defined maritime rule of law, admiralty courts will enforce applicable state law. *Hess v. U.S.*, 361 U.S. 314, 318-19 (1960); *Bell v. Tug Shrike*, 332 F.2d 330, 332 (4th Cir. 1964). However, decisions in admiralty law strive for uniformity in national application adherent to rooted admiralty principles. *Hess*, 361 U.S. at 320; *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 780 (1952) ("Statutes which invade the common law or the general maritime law are to be read with a presumption favoring the

retention of long-established and familiar principles."). Federal courts have applied state laws more frequently in maritime cases in which the missing rule of law was one dominated by the states, such as family law issues. *See Tidewater Marine Towing, Inc. v. Curran-Houston, Inc.*, 785 F.2d 1317, 1318 (5th Cir. 1986) (using Louisiana law to define marital status, an area in which states are accorded great deference, of a woman bringing a maritime wrongful death claim). Application of state law cannot substantially interfere with or alter the rights of the litigants established under federal law. *Pope & Talbot v. Hawn*, 346 U.S. 406, 409 (1953) (refusing to apply Pennsylvania's contributory negligence doctrine as a complete bar to a seaman's recovery because, even though general maritime law was silent on the issue, such a ruling would be incompatible with admiralty policy). Maintenance and cure is a right of seamen particular to maritime law and should be governed by federal law as much as possible. *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 245 (1942) ("The source of the governing law applied is in the national, not the state, governments.").

We are guided by above cited admiralty based principles. Seamen injured during the course of their voyage or service to the vessel are entitled to maintenance and cure, without regard to fault arising from the injury causing accident. Doubts and ambiguities about entitlements are to be resolved in the seaman's favor. The question of whether seamen are still so entitled when they wilfully

conceal a related pre-existing medical condition that would have materially affected the Jones Act employer's decision to hire has been answered in the *McCorpen* opinion and it's progency.  The logical and natural consequences for knowingly violating the duty to disclose such a condition, when clearly sought by the Jones Act employer, and the resulting receipt of benefits that would not have been due must now be addressed.  The facts of this case are unique because the seaman not only failed to disclose his condition during the initial stages of employment but he also concealed it by failing to timely disclose it to his employer and his own attorney until years later, and then only on the eve of the ruling on the *McCorpen* issue.  This seamen's inactions were more than unreasonable; they were intentionally done and void of good faith. There is no evidence that the instant employer failed to reasonably discover the basis for it's *McCorpen* defense.  Moreover, there is no evidence that a seaman's rights to the benefits of food, lodging and medical services would either be delayed or become uncertain by extending the *McCorpen* defense to include a right of action for restitution, under limited circumstances. Under noted special circumstances, the employer's recovery of undue maintenance and cure payments or, alternatively, a credit in favor of the employer against monetary relief it might pay in resolution of ultimate liability issues would not, in our opinion, run afoul of or interfere with traditional maritime policies.  Instead, such a result would promote respect and

-**12**-

compliance with same.  The alternative method of repaying illegally obtained benefits would address the concern arising from any potential hardship to the seaman. Cf., *Cotton v. Delta Queen Steamboat Co., Inc.,* 36 So.3d at 268, n.7 (quoting *Kirk v. Allegheny Towing, Inc.,* 620 F. Supp. 458, 462-63 (W.D. Pa. 1985)).

Further, this Court declines Defendant's invitation to apply Louisiana Civil Code Article 2299 to it's counterclaim for restitution.  Defendant did not bring the counterclaim directly under that article, but instead under general maritime law.  (Rec. Doc. No. 53 at 1).

As stated above, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  Defendant has attached to its motion Plaintiff's affidavit in which he admits Defendant paid him maintenance and cure faithfully since the time of the accident. (Rec. Doc. No. 54-2 at 3-5).  Plaintiff cannot dispute this fact and has not offered any evidence to rebut this fact.  Similarly, this Court specifically granted Defendant's motion for partial summary judgment when it dismissed Plaintiff's maintenance and cure claim. (Rec. Doc. No. 30).  In Order and Reasons granting Defendant leave to file it's counterclaim for restitution, this Court held that partial summary judgment was based on finding, without contradiction, that Defendant established the *McCorpen* defense. Plaintiff  engaged in wilful concealment of a material pre-existing

-13-

injury that would have affected the employment decision.  The pre-existing injury or condition substantially involves the same or causally connected injuries or disabilities in this litigation. (Rec. Doc. No. 52 at 5-6).  Plaintiff apparently recognized those facts in seeking withdrawal of the maintenance and cure claim in light of Defendant's motion. (Rec. Doc. No. 29).  As such, there is no dispute of material fact, and summary judgment now on the counterclaim is proper.[2]  Seaman and their employers have contractual and other legal duties to each other.  It is a rare rule of law, maritime in nature or otherwise, that denies relief to an aggrieved party in the face of wilful misconduct.  Even wards of the court must be forthright and truthful.  The entitlements seamen enjoy are created with the contract of employment. "Only some wilful misbehavior or deliberate act of indiscretion suffices to deprive the seaman of his protection." *Aguilar v. Standard Oil Co.,* 318 U.S. 724, 731(1943) This seaman has deprived himself of protection through his own wilful and deliberate misconduct and consequences should be considered.  An opposite result would lead to a travesty of justice, encouraging mockery of the judicial process and denigration of the founding principles of admiralty based schemes

---

[2]   While not pled here, wilful assertion of a frivolous claim would also warrant financial sanctions against the Plaintiff himself. Counsel for Plaintiff acted reasonably at all pertinent times; upon discovering clear evidence against his client, he moved to withdraw Plaintiff's maintenance and cure claims. Without reasonable explanation, the Plaintiff intentionally withheld and concealed pertinent evidence for years, even from his own counsel, to collect noted benefits that he was clearly not entitled to receive. The Jones Act negligence action and unseaworthiness claims under general maritime law remain unaffected by this decision.

that seek to promote the "combined objective of encouraging marine commerce and assuring the well-being of seamen".  *Aguilar v. Standard Oil Co.,* 318 U.S. at 727-28(1943).

New Orleans, Louisiana, this 18th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE