UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WALLACE BOUDREAUX | CIVIL ACTION: 08-1686 |
| VERSUS | SECTION "B" (1) |
| TRANSOCEAN DEEPWATER, INC. | JUDGE: LEMELLE |
| | MAG: SHUSHAN |

## ORDER CERTIFYING INTERLOCUTORY APPEAL

Considering the Joint Motion for Entry for Certification of an Interlocutory Appeal, or Alternatively, for Designation under FRCP 54(b), the Court rules as follows:

(1) On April 7, 2010, this Court issued an Order granting Transocean's Motion for Partial Summary Judgment and dismissing Boudreaux's claim for maintenance and cure [Doc 30].

(2) On October 20, 2011, this Court granted Transocean's Motion for Partial Summary Judgment on its counterclaim, holding that a Jones Act employer is entitled to recover maintenance and cure payments made to a seaman when the benefits are barred by *McCorpen*. [Doc. 74].

(3) According to the Joint Motion, the parties have reached a bracketed settlement agreement contingent only upon the ultimate outcome of the Jones Act employer's right to restitution for maintenance and cure as a matter of law when *McCorpen* applies after all appeal rights are exhausted. All of the Plaintiff's remaining claims, including claims for negligence under the Jones Act and for unseaworthiness under the General Maritime Law, are dismissed pursuant to a bracketed compromise [i.e., a high-low agreement]. Similarly, the amount of

Transocean's counterclaim [Doc. 53] is mooted by the bracketed settlement. Therefore, the Court makes no ruling on the amount that Transocean is entitled to recover under its counterclaim.

(4)  Under the bracketed settlement agreement, the Plaintiff is entitled to recover a lesser sum of money if a Jones Act employer is entitled to restitution for maintenance and cure as a matter of law when *McCorpen* applies. Conversely, if a Jones Act employer is <u>not</u> entitled to restitution for maintenance and cure as a matter of law when *McCorpen* applies, the Plaintiff is entitled to a greater sum of money.

(5)  28 U.S.C. § 1292(b) provides as follows:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of the appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: provided, however, that application for an appeal hereunder shall not stay proceedings in the District Court unless the District Judge or the Court of Appeals or a judge thereof shall so order.

(6)  This Court has already ruled on the legal question of whether a Jones Act employer is entitled to restitution for maintenance and cure when *McCorpen* applies. [Doc. 74].

(7)  The parties have agreed to submit this issue based upon the current record, having stipulated that the record of the District Court is complete as to all factual contentions relevant to this determination, and have further agreed not to ask the Court of Appeals to remand the case for further proceedings at the trial court level.

(8)  In light of the bracketed compromise agreement of the parties and the prior rulings of the Court as outlined herein, there are no other factual or legal issues for the Court to resolve, and therefore, there is no need for a pre-trial conference or a trial on the merits.

(9)  In light of the foregoing, this Court finds that, pursuant to 28 U.S.C. § 1292(b), the Order granting Transocean's Motion for Partial Summary Judgment [74], involves controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from these rulings will materially advance the ultimate termination of the litigation.

(10) The Court further finds that all proceedings at the trial court level should be, and hereby are STAYED, pending the disposition of this issue on appeal.

New Orleans, Louisiana this 6th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE

Agreed as to form and content:

/s/ Todd G. Crawford
Todd G. Crawford (20150)
FOWLER RODRIGUEZ VALDES-FAULI
2505 14th Street, Suite 500
Gulfport, MS 39501
Telephone: (228) 822-9340
Facsimile: (228) 822-9343
*Attorneys for Transocean Deepwater, Inc.*

/s/ Wynn E. Clark
Wynn E. Clark (MS Bar # 6279)
2510 16th Avenue
Gulfport, MS 39501
Telephone: (228) 575-9996
Facsimile: (228) 575-9030
*Attorney for Wallace Boudreaux, Plaintiff*